UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| v. | : |
| DESTINATION MATERNITY CORP., | : |
| Defendant. | : |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Destination Maternity Corp. ("Destination Maternity"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 3 in the 2017 Proxy Statement for the annual meeting of Destination Maternity shareholders scheduled for October 19, 2017 ("Proposal 3").  The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 3 requests that the shareholders approve an amendment to the Company's 2005 Equity Incentive Plan (the "Plan"), which proposes to allow Destination Maternity to increase the number of shares of common stock available for issuance from

2,800,000 to 3,800,000 to Plan participants, and to define individual limits to 400,000 shares per year.  But it is unclear how many participants are in the Plan and why they are receiving these awards.  SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101.  Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4.	Proposal 3 of the 2017 Proxy Statement fails to disclose the approximate number of eligible participants and the basis of their participation in the Plan and is misleading as to the classes of persons who will be eligible to participate therein.

5.	Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

6.	This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7.	In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8.	Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the

Plaintiff is a resident of this district.

## PARTIES

9. Plaintiff is, and has been continuously since June 2014, a holder of Destination Maternity common stock.

10. Destination Maternity is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended January 28, 2017. As of August 31, 2017, it had 13,984,055 shares of common stock outstanding. Destination Maternity's common stock is traded on the NASDAQ Stock Exchange under the symbol DEST. Destination Maternity is the world's leading maternity apparel retailer with over $500 million in annual sales.

## WRONGFUL ACTS AND OMISSIONS

11. Destination Maternity has scheduled the annual shareholders' meeting for October 19, 2017. On September 21, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for five management proposals and to transact other business that may properly come before the annual meeting.

12. Proposal 3 requests that the shareholders approve the amendment to the Plan, which Destination Maternity will be able to use to grant incentive stock options or non-qualified stock options, stock appreciation rights, restricted stock, restricted stock units, performance awards or any combination of to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Destination Maternity stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

13. Because Proposal 3 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information

concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a)    Plans subject to security holder action.
>
>     (1)    Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

14.    Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3, under the heading Eligibility, tells stockholders the following:

> Employees, directors, consultants and other service providers of the Company and its affiliates are eligible to participate in the [] Plan, provided, however, that only employees of the Company or its subsidiaries are eligible to receive incentive stock options.

Proxy Statement at 40.

15.    The above paragraph describes merely the classes of persons, but not how many persons in each class, and not the basis of participation. As Judge Irizarry stated, the "basis for eligibility" is not the same as the "basis for participation." *Stein v. Raymond James Financial, Inc.*, 1:16-cv-00379-DLI-JO (S.D.N.Y.).

16.    Similarly, Proposal 3 fails to include the number of non-employee directors. This information is important for a shareholder especially since non-employee directors will be eligible to receive discretionary awards other than a $50,000 annual retainer and other retainers for committee membership, including restricted stock.

17. The Plan itself, annexed to the 2017 Proxy Statement as Appendix A, discusses eligibility. Section 4 provides that the "Employees, Directors, consultants, and other individuals who provide services to the Company or its Affiliates are eligible to be granted Awards under the Plan; provided, however, that only employees of the Company, its Parent or a Subsidiary are eligible to be granted Incentive Stock Options."

18. The Plan defines "Participant" as "an employee, consultant, Director, or other service provider of or to the Company or any of its respective Affiliates to whom an Award is granted."

19. Nowhere in the 2017 Proxy Statement does Destination Maternity disclose the number of "employees, consultants, Directors, and other individuals" or "other service provider." "Employee" and "consultant" are not defined by the Plan.

20. The definitions for "Affiliate" and "Subsidiary" are very broad:

> "Affiliate" means, with respect to a Person, a Person that directly or indirectly controls, is controlled by, or is under common control with such Person.
>
> "Person" means an individual, partnership, corporation, limited liability company, trust, joint venture, unincorporated association, or other entity or association.
>
> "Subsidiary" means, in respect of the Company, a subsidiary company as defined in Sections 424(f) and (g) of the [Internal Revenue Code of 1986].

*Id.* at A-2.

21. Thus, it is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the compensation from the Plan that stockholders are being asked to approve or the basis of their receipt of such awards.

22. This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

5

23. The Plan allows for 3,800,000 authorized shares of Common Stock to be awarded immediately after the stockholder vote.

24. The preceding paragraphs state a direct claim for relief against Destination Maternity under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

25. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for 3,800,000 shares to be granted to an unknown number of "employees, consultants, Directors, and other individuals" or "other service provider" of Destination Maternity and its "affiliates" and "subsidiaries" immediately after this vote. Unwinding these awards will be impossible.

26. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 3.

27. Consequently, Destination Maternity should be enjoined from presenting Proposal 3 for a stockholder vote at the October 19, 2017 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Destination Maternity shareholder in connection with Proposal 3 in the 2017 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Destination Maternity from:

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Destination Maternity shareholder in connection with Proposal 3 in the 2017

Proxy Statement;

   (ii) presenting Proposal 3 for a shareholder vote at the October 19, 2017 annual meeting;

  B. A preliminary and permanent injunction requiring Destination Maternity to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) and cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

  C. Awarding such other and further relief as this Court deems just and proper.

Dated: September 28, 2017

              **WOLF HALDENSTEIN ADLER**
              **FREEMAN & HERZ LLP**

              By: /s/ Gloria Kui Melwani
              Gloria Kui Melwani
              270 Madison Avenue
              New York, NY 10016
              Telephone: (212) 545-4600
              Facsimile: (212) 686-0114

              *Attorneys for Plaintiff*